UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER GRABLE, | Case No. 1:25-cv-00720-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR SUBPOENA WITHOUT PREJUDICE AS PREMATURE |
| v. | |
| SERGIO PINEDA, | (Doc. No. 12) |
| Defendant. | |

Pending before the Court is Plaintiff's pleading titled "Motion to Ask United States District Court to Court Order Bob Wiley Detention Facility to Give Me My Evidence" filed August 11, 2025. (Doc. No. 12). Plaintiff Walter Grable—a pretrial detainee—has pending a civil rights complaint. (Doc. No. 1, "Complaint"). On August 5, 2025, the Court screened the Complaint and found it failed to state a federal claim. (Doc. No. 10). The Court afforded Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint before recommending the district court dismiss this action. The time for Plaintiff to comply with the August 5, 2025 screening order has not yet expired.

In his present motion, Plaintiff requests the Court to order the detention facility to "give [Plaintiff] the evidence or a copy of the evidence they hold." (Doc. No. 12 at 1). Plaintiff references his recent suicide attempt and states he made a complaint about Sergio Pineda which was "taped." (*Id.*). Plaintiff requests a copy of the cassette tape in the possession of the Bob

1 | Wiley Detention Center. (*Id.*).

2 |     Here, Plaintiff seeks "evidence" presumably in the possession of a non-party the Bob Wiley Detention Center.[1] Thus, the Court construes the motion as seeking a subpoena to obtain documents or things from a third-party. Authorization by the court of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). In determining whether to issue a subpoena courts consider the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. Thus, a motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010).

    As an initial matter, Plaintiff was advised in this Court's First Informational Order, issued July 21, 2025, a "pro se plaintiff may not proceed with legal action against a governmental agency or individual in this Court *until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants.*" (Doc. No. 5 at 3:20-22). Here the Court has screened the complaint but found it did not state a claim. 28 U.S.C. § 1915A(a).

    Thus, until the Court determines that Plaintiff may proceed with legal action, Plaintiff may not commence discovery or seek the issuance of subpoenas. The discovery process will commence only after the Court finds the operative complaint states a cognizable claim or claims against the named Defendant, *and* after Defendant has been served with an operative complaint and filed a responsive pleading. (*See* Doc. 4 at 4 [First Informational Order, sections "IV. Service of Documents" & "V. Discovery"]). Because Plaintiff has not yet been permitted to proceed on an operative complaint, and no defendant has been served with or responded to any operative

---

[1] Because the Bob Wiley Detention Center is not sui juris, i.e. not a legal entity capable of responding, the Court construes the request as being made upon the Tulare County Sheriff.

complaint in this action, Plaintiff's motion for a subpoena is premature. To the extent that Plaintiff wishes that the cassette tape be preserved, he should make such a request to the Sheriff of Tulare County.

Accordingly, it is hereby ORDERED:

Plaintiff's motion for a subpoena is DENIED (Doc. No. 12) without prejudice as premature.

Dated:     August 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3