UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER GRABLE, | Case No. 1:25-cv-00720-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR DISCOVERY AND PLAINTIFF'S MOTION FOR PROOF OF SERVICE |
| v. | |
| SERGIO PINEDA, | (Doc. Nos. 14, 15) |
| Defendant. | |

Pending before the Court are Plaintiff's pleadings titled "Motion for Order for all Records from Tulare County" filed August 15, 2025 and "Motion for a Court Order for a Proof of Service on All Receiving Mail From Court" filed on August 25, 2025. (Doc. Nos. 14, 15). Plaintiff Walter Grable—a pretrial detainee—has pending a First Amended Complaint filed on August 25, 2025 (Doc. No. 16, "FAC") in response to the Court's August 5, 2025 Screening Order (Doc. No. 10). The Court has not yet screened Plaintiff's FAC.

In his pleading titled "Motion for Order of All Records from Tulare County," Plaintiff states that Tulare County Law Enforcement has "refused to assist, comply, or get involved over [his] complaint against Visalia Police Department." (Doc. No. 14 at 1, "Motion for Records"). Plaintiff references letters that he wrote to the County Superior Court Judge in two of his pending cases. (*Id*.). Plaintiff states a Sergeant Herandez has a recording of his complaint. (*Id*. at 2). Plaintiff then states that Bob Wiley Detention Facility will not give him "what the Prisoner Civil

1  Rights Complaint says I have to have." (*Id.*).  Plaintiff states he is "bringing [the Court] all these
2  facts to show [the Court] everyone that works for Tulare County has tried to stop, force, and make
3  [Plaintiff] not to go forward with [his] prisoner civil rights complaint."  (*Id*. at 2-3).  Other than in
4  its title, the Motion for Records does not seek any relief from the court.  To the extent Plaintiff
5  requests "all records" from Tulare County, the Court construes the motion as a request for
6  discovery.  As Plaintiff was advised by the Court previously in its August 13, 2025 Order denying
7  Plaintiff's previous construed motion a "pro se plaintiff may not proceed with legal action against
8  a governmental agency or individual in this Court *until the Court screens the pro se plaintiff's*
9  *complaint and finds that it states a cognizable claim against named defendants.*" (Doc. No. 13).
10 Here, the Court has not yet screened Plaintiff FAC pursuant to 28 U.S.C. § 1915A(a).
11         Thus, until the Court determines that Plaintiff may proceed with legal action, Plaintiff may
12 not commence discovery.  The discovery process will commence only after the Court finds the
13 operative complaint states a cognizable claim or claims against the named Defendant, *and* after
14 Defendant has been served with an operative complaint and filed a responsive pleading.
15 (*See* Doc. 4 at 4 [First Informational Order, sections "IV. Service of Documents" & "V.
16 Discovery"]).  Therefore, the Court again denies Plaintiff's request for discovery as premature.
17         In his pleading titled "Motion for a Court Order for a Proof of Service on All Receiving
18 Mail From the Court," Plaintiff requests "a proof of service for all mail that the court sends."
19 (Doc. No. 15 at 2).  Plaintiff claims his legal mail is not being opened in front of him and that
20 there is a delay between the time the jail receives mail from the court and gives it to him.  (*Id.* at
21 2).  Plaintiff does not claim that he is not receiving the orders from this Court, nor that the delay
22 in receiving his mail has resulted in missing any deadline of the court.  (*Id.*at 2).  If Plaintiff
23 requires an extension of time to comply with a court order due to the delay in mail delivery, he
24 may ask for an extension of time, which the Court generally grants to pro se incarcerated
25 individuals.  To the extent Plaintiff objects that his legal mail is being read by others, "legal mail"
26 consists of correspondence between a prisoner and his lawyer, not mail sent from the court.  *See,*
27 *e.g., Mangiaracina v. Penzone*, 849 F.3d at 1193-94, 1196-97 (prohibiting opening "legal mail,"
28 i.e. letters between inmate and his criminal lawyer outside of inmate's presence); *Keenan v. Hall*,

83 F.3d 1083, 1094 (9th Cir. 1996) ("mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail").  Plaintiff states no injury caused by any alleged delay in receiving his mail and mail from the court is not considered "legal mail" that must be opened in front of Plaintiff.  Further, the court does not provide proof of service when it sends mail.

        Accordingly, it is hereby ORDERED:

1. Plaintiff's request for discovery is DENIED (Doc. No. 14) without prejudice as premature.
2. Plaintiff's motion for proof of service by the court is DENIED (Doc. No. 15).
3. The Court will screen Plaintiff's First Amended Complaint in due course.

Dated:    September 18, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE