1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WALTER GRABLE,                            Case No. 1:25-cv-00720-HBK (PC)

12                 Plaintiff,                   SCREENING ORDER DIRECTING
                                                PLAINTIFF TO STAND ON FIRST
13          v.                                  AMENDED COMPLAINT AND
                                                VOLUNTARILY DISMISS CLAIM DEEMED
14    SERGIO PINEDA,                            NOT COGNIZABLE; OR, STAND ON FIRST
                                                AMENDED COMPLAINT SUBJECT TO
15                 Defendant.                   COURT RECOMMENDING DISMISSAL OF
                                                CLAIM DEEMED NOT COGNIZABLE TO
16                                              THE DISTRICT COURT [1]

17                                              OCTOBER 24, 2025 DEADLINE

18

19          Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights

20    first amended complaint filed under 42 U.S.C. § 1983 by Walter Grable—a pretrial detainee.

21    (Doc. No. 16, "FAC").  Upon review, the Court finds that the FAC states a claim against the

22    named Defendant for Fourth Amendment sexual misconduct but fails to state a claim for Eight

23    Amendment cruel and unusual punishment. The Court affords Plaintiff the option to file a notice

24    to proceed only on his claim deemed cognizable or to stand on his FAC subject to the Court

25    recommending the district court dismiss the claim not deemed cognizable.

26          ////

27    ────────────────────

28    [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
      (E.D. Cal. 2022).

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant

2

1    is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v.*
2    *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d
3    245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how
4    to cure the defects.  Such advice "would undermine district judges' role as impartial
5    decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131
6    n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad
7    faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by
8    amendments previously allowed . . .." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892
9    (9th Cir. 2010).

10                            **SUMMARY OF THE COMPLAINT**

11            Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant
12    Sergio Pineda, an officer of the Visalia Police Department, alleging cruel and unusual punishment
13    in violation of the Eight Amendment and sexual assault in violation of the Fourth Amendment
14    and during his arrest on August 5, 2024.  (Doc. No. 16 at 3, 5, 6).  On that date, Officer Pineda
15    ordered Plaintiff to come out of the bushes where he was hiding.  (*Id.* at 5).  According to the
16    FAC, a witness falsely shouted, "he has a gun," and Plaintiff admits he responded verbally to the
17    witness stating "F[] you suck my [explicit]," which was allegedly misinterpreted by Officer
18    Pineda as being directed toward him.  (*Id.* at 6).

19            Plaintiff alleges that when Officer Pineda ordered him to come out from the bushes
20    Plaintiff got on his stomach and placed his hands behind his back. (*Id.* at 5).  Plaintiff then states
21    that Officer Pineda placed him in handcuffs and proceeded to conduct a pat down search of his
22    person.  (*Id.* at 5).  During this search, Plaintiff contends that Officer Pineda made a remark—
23    "suck your [explicit,] huh?"—and then proceeded to squeeze Plaintiff's genitals hard three times.
24    (*Id.* at 6).  Plaintiff states this contact was painful and brought tears to his eyes.  (*Id.* at 5).
25    Plaintiff alleges that this conduct was unjustified and constituted sexual assault.  (*Id.* at 6-7).  As
26    relief, Plaintiff seeks compensatory damages, requests that Officer Pineda be required to take
27    anger management classes, and that Officer Pineda be required to retake procedure classes.  (*Id.*
28    at 7).

1     **APPLICABLE LAW AND ANAYSIS**

2         **A.  Eighth Amendment**

3         Although Plaintiff alleges a violation of the Eighth Amendment right to be free from cruel

4  and unusual punishment, the claim is based upon an incident at the time of his arrest.  (Doc. 16 at

5  5). The prohibition of cruel and unusual punishment takes effect only <u>after</u> criminal conviction

6  and sentence.  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Bell v.*

7  *Wolfish*, 441 U.S. 520, 535 n. 26, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) ("Eighth Amendment

8  scrutiny is appropriate only after the State has complied with the constitutional guarantees

9  traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d

10  1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] has not been convicted of a crime, but had

11  only been arrested, his rights derive from the due process clause rather than the Eighth

12  Amendment's protection against cruel and unusual punishment").  Because Plaintiff was not a

13  convicted prisoner at the time of the alleged events, he cannot state a claim for a violation of his

14  Eighth Amendment's right against cruel and unusual punishment.  Thus, the FAC fails to state an

15  Eighth Amendment claim.

16         **B.  Fourth Amendment**

17         "Sexual misconduct by a police officer toward another generally is analyzed under the

18  Fourteenth Amendment; sexual harassment by a police officer of a criminal suspect during a

19  continuing seizure is analyzed under the Fourth Amendment." *Fontana v. Haskin*, 262 F.3d 871,

20  882 (9th Cir. 2001).  Because Plaintiff was physically removed from the bushes and handcuffed

21  prior to the pat-down, Plaintiff's claim of sexual assault falls under the Fourth Amendment.  *See*

22  *id*. at 881 n. 6.

23         The Fourth Amendment prohibits unreasonable searches.  *Bell v. Wolfish*, 441 U.S. 520,

24  558 (1979).  To determine if a search is reasonable, the court must balance "the need for the

25  particular search against the invasion of personal rights that the search entails."  *Id*. at 559.

26  "Courts must consider the scope of the particular intrusion, the manner in which it is conducted,

27  the justification for initiating it, and the place in which it is conducted."  *Id*. (other citations

28  omitted).  "In assessing the objective reasonableness of a particular use of force," the courts

"consider: (1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (quoting *Glenn v. Washington Cnty.*, 673 F.3d 864, 871 (9th Cir. 2011)).

To the extent Plaintiff contends the search conducted by Officer Pineda was unreasonable in violation of the Fourth Amendment, the FAC states a claim. Plaintiff asserts that Officer Pineda grabbed his penis three times during the search on August 5, 2024. (Doc. No. 16 at 5). "Gratuitous" touching of a subject's groin area during a pat-down search could, in certain circumstances, constitute excessive force under the Fourth Amendment. *Moreno v. Doe*, 2024 WL 5275507, at *4 (C.D. Cal. Nov. 27, 2024). "Of course, not every truthful allegation of sexual bodily intrusion during an arrest is actionable as a violation of the Fourth Amendment. Some bodily intrusions may be provably accidental or de minimis and thus constitutionally reasonable." *Id.* at 880; *see also Hicks v. Moore*, 422 F.3d 1246, 1253-54 (11th Cir. 2005).

Here, Plaintiff alleges that Officer's Pineda squeezing of his genitals caused him pain resulting in tears in his eyes, that Officer Pineda stated, "suck your [explicit,] huh?" while touching Plaintiff's genitals, and that Officer Pineda did this for the purpose of causing Plaintiff "fear and intimidation as well as extreme physical pain." (Doc. No. 16 at 5-7). Plaintiff has alleged the squeezing of his genitals by Officer Pineda caused him physical pain and made his eyes tear. *Pearson v. Pasha*, 2011 WL 3841807, * 5 (D. Mont., Jun 2, 2011), adopted by, 2011 WL 3841969 (D. Mont., Aug. 30, 2011) (finding a genuine issue of material fact for trial when plaintiff alleged under penalty of perjury that the officer squeezed his genitals until it brought tears to his eyes). Courts have found that touching coupled with statements or comments that are sexual in nature can rise to the level of a constitutional violation. *Gleason v. Franklin*, 2021 WL 4813647, at *8-10 (W.D. Cal. July, 30, 2021). While the court must balance the government's legitimate interest in a search against the intrusion of privacy, Plaintiff states that Officers Pineda actions had "no 'official' purpose" and were "beyond the scope of any reasonable police search." (Doc. No. 16 at 7).

The PLRA includes a provision that restricts prisoners from bringing federal civil actions for mental or emotional injuries sustained while in custody unless they can show a prior physical injury.  Section 1997e(e) states: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  This provision "requires a prior showing of physical injury that need not be significant but must be more than de minimis."  *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *see also Bell v. Williams*, 108 F.4th 809, 829 (9th Cir. 2024).  Plaintiff alleges that Officer Pineda squeezed his groin so hard it resulted in "extreme physical pain" and "tears to [Plaintiff's] eyes" and that he "still gets aches" in his genitals as a result of Officer Pineda's actions.  (Doc. No. 16 at 5-6).  Plaintiff claims he is on the waiting list to be seen by a doctor for the injury he suffered.  (*Id.* at 6).  Plaintiff has alleged a prior physical injury under 1997e(e).

Accepting Plaintiff's allegations as true, as the Court must at the screening stage, the Complaint presents sufficient facts to state a sexual misconduct claim under the Fourth Amendment against Officer Pineda. Accordingly, Plaintiff's Fourth Amendment claim survives screening.

**OPTIONS**

Liberally construing the FAC and accepting the allegations as true, the Court finds the FAC sufficiently states a Fourth Amendment sexual misconduct claim against Officer Pineda but no other claim.  To continue the prosecution of this action, Plaintiff must take one of the following two options **no later than October 24, 2025.**

**First Option:** Plaintiff may file a "Notice under Rule 41(a)(1) and Rule 15" stating he intends to stand on his current First Amended Complaint as screened herein and proceed only on his Fourth Amendment claim against Defendant Pineda, thereby voluntarily dismissing his Eighth Amendment claim the Court deemed not cognizable.  The Court would then order service on Defendant Pineda who has/have not yet been served, and direct Defendant Pineda to respond the Complaint.

**Second Option**: Plaintiff may file a "Notice to Stand on First Amended Complaint"

1  subject to the undersigned issuing a Findings and Recommendations to dismiss the Eighth

2  Amendment cruel and unusual punishment claim against Officer Pineda.

3       If Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to elect and notify the

4  Court of any of the two options, the undersigned will recommend that the district court dismiss

5  this case as a sanction for Plaintiff's failure to comply with a court order and for failing to

6  prosecute this action.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

7       Accordingly, it is **ORDERED:**

8       1.     No later than October 24, 2025  Plaintiff shall elect one of the two options and

9  deliver to correctional officials for mailing either: (a) a "Notice under Rule 41(a)(1) and Rule 15"

10  stating he intends to stand on his current First Amended Complaint as screened herein and

11  proceed only on his Fourth Amendment claim against Defendant Pineda, thereby voluntarily

12  dismissing his Eighth Amendment claim the Court deemed not cognizable; or (b) a "Notice to

13  Stand on First Amended Complaint"  subject to the undersigned issuing a Findings and

14  Recommendations to dismiss the Eighth Amendment cruel and unusual punishment claim against

15  Officer Pineda.

16       2.     If Plaintiff fails to timely comply with this Court Order or seek an extension of

17  time to comply, the Court will recommend the district court dismiss this action for Plaintiff's

18  failure to comply with this Court Order and prosecute this action.

19

20  Dated:    September 25, 2025

21                                          HELENA M. BARCH-KUCHTA
                                            UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28