UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER GRABLE,<br><br>               Plaintiff,<br><br>     v.<br><br>SERGIO PINEDA,<br><br>               Defendant. | Case No.  1:25-cv-00720-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No.  21) |

Pending before the Court is Plaintiff's Motion for Copies filed November 6, 2025.  (Doc. No. 21, "Motion").  Plaintiff seeks an order from the Court directing state officials at the Bob Wiley Detention Center to provide him copies of his First Amended Complaint ("FAC").[1]  (*Id.* at 1-2).  Plaintiff states he has made three requests to the law library for copies, but to date his requests have been refused.  (*Id.*).  The Court construes Plaintiff's Motion as a motion seeking mandamus relief.  *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (explaining that courts may recharacterize a pro se motion to better reflect the "substance of a pro se motion's claim and its underlying legal basis").

The federal mandamus statue provides: "[t]he district courts shall have original

---

[1] On October 20, 2025, the Court directed Plaintiff within thirty (30) days to return completed services forms along with two copies of his First Amended Complaint for the United States Marshals Service to effectuate service on Plaintiff's behalf.  On November 6, 2025, Plaintiff submitted completed service forms without copies of his First Amended Complaint. (Doc. No. 22).

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy. It is available to compel a federal officer to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). Here, no federal officials are involved, only state officials. Federal mandamus relief is not available to compel state correctional officials to perform a specific duty. *See Demons v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (mandamus relief to compel a state court or official to take or refrain from some action is frivolous as matter of law). Thus, this Court lacks jurisdiction to grant the relief Plaintiff seeks.

Because the Court previously found service of the FAC appropriate and to expedite this matter, the Court will direct the Clerk to make the necessary copies of Plaintiff's FAC to provide to the United States Marshals Service by separate order.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Copies (Doc No. 21), construed as a motion for writ of mandamus, is DENIED.

Dated:   November 18, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE