UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER GRABLE,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO PINEDA,<br><br>Defendant. | Case No. 1:25-cv-00720-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR SUPOENAS WITHOUT PREJUDICE<br><br>(Doc. 31) |

Pending before the Court is Plaintiff's "Motion about Discovery," filed on May 26, 2026. (Doc. 31). Plaintiff proceeds *in forma pauperis* on his First Amended Complaint, which alleges a Fourth Amendment violation under 28 U.S.C. § 1983 against Defendant Pineda, an officer of the Visalia Police Department, arising from Plaintiff's August 5, 2024 arrest. (Docs. 16, 18, 20). Plaintiff seeks discovery from the Tulare County District Attorney and Bob Wiley Detention Facility, specifically: (1) the arresting officer's body camera footage; and (2) taped recording of Plaintiff's interview conducted by Deputy Sanchez at the Bob Wiley Detention Facility on August 5, 2024. (*Id.* at 1).

Because Plaintiff seeks discovery from nonparties, the Court construes the motion as request for subpoenas. Authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Personal service of a subpoena duces tecum is required, Fed. R. Civ. P. 45(b), and "[d]irecting the Marshal's Office to expend its resources

personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). In deciding whether to issue a subpoena, courts consider the relevance of the information and the burden and expense imposed on the third-party. Fed. R. Civ. P. 26, 45. Thus, a motion for issuance of a subpoena duces tecum must clearly identify the specific items sought and show that the items are obtainable only from the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010).

Here, Plaintiff identifies the items he seeks that are in the possession of third parties. Plaintiff, however, does not state that he first sought this discovery from Defendant. Discovery in this action opened on May 11, 2025, and Plaintiff filed this motion 15 days later. Before the Court will authorize a subpoena, Plaintiff must demonstrate that the items he seeks cannot be obtained from Defendant and is only obtainable from the Tulare County District Attorney and the Bob Wiley Detention Center. *See Hazeltine v. Young*, No. 18-16565, 793 Fed. App'x 647, 648 (mem.) (9th Cir. 2020) ("The district court did not abuse its direction by requiring that Hazeltine seek discovery from the defendants before the court would issue subpoenas . . .").

Under Rule 34(a), documents or items sought in discovery must be within a party's "possession, custody, or control." A party "need not have actual possession of the documents to be deemed in control of them." *Grisby v. Munguia*, 2015 WL 3442344 At *4 (E.D. Cal. May 28, 2015). Rather, a party "that has a legal right to obtain certain documents is deemed to have control over the documents." *Id.* (quoting *Branch v. Umphenour,* No. 1:08–CV–01655–AWI, 2014 WL 3891813, at *8 (E.D. Cal. Aug.7, 2014).

The Court therefore will deny the motion for subpoenas without prejudice. Plaintiff may renew his request for third-party subpoenas by filing a motion that: (1) identify with specificity the items requested and the third party from whom they are sought; (2) demonstrates that the items are only obtainable through the third party; and (3) explains the relevance of the requested items to a claim or defense in the instant action.

////

///

Accordingly, IT IS ORDERED:

Plaintiff's construed motion for subpoenas (Doc. 31) is DENIED without prejudice.

Dated: July 15, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE